UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

UNKNOWN MAUS, *et al.*,

    Defendants.

                                    /

Case No. 1:23-cv-442

Hon. Jane M. Beckering

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Bruce Parker ("Parker") is a prisoner in the custody of the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendants' motion to dismiss brought pursuant to 28 U.S.C. § 1915(e)(2)(A) because Parker improperly obtained *in forma pauperis* (IFP) status (ECF No. 40)

### I. Discussion

The Court granted Parker IFP status based on his representation dated April 27, 2023, that his assets were limited to a friend giving him $100 every two months and $71.07 in his prison trust account. *See* Application for IFP (ECF No. 2); Order (ECF No. 5). Parker's statement of poverty was not true. Parker omitted the fact that he had a substantial asset in the form of a certificate of deposit (CD) in the amount of $43,495.00. Defendants point out that this asset arose from an unfiled settlement agreement in the case of *Parker v. Gainer*, No. 1:16-cv-1302 (W.D. Mich.) (Aug. 10, 2022), in which defendants paid Parker $162,000.00, with $5,000.00 deposited into Parker's MDOC Trust Account and $157,000.00 into the IOLTA

1

Account of Parker's Attorney paid jointly to "Bruce Parker and the Conybeare Law Office". *See* Settlement Agreement (ECF No. 41-5).

Title 28 U.S.C. § 1915(e)(2) provides that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue[.]" Here, plaintiff's statement of poverty was untrue because his IFP application did not disclose the $43,495.00 CD.[1] The next question is whether this case should be dismissed with or without prejudice. "Federal courts of appeals, including the Sixth Circuit, have held that district courts have the discretion to dismiss a case with prejudice where a plaintiff intentionally and in bad faith misrepresents his financial status in order to proceed *in forma pauperis*." *Ojose v. Matanin*, No. 4:16CV2952, 2019 WL 1078349 at *4 (N.D. Ohio March 6, 2019) (listing cases), *affirmed Sub nom. Ojose v. Youngstown State University*, No. 19-3221, 2019 WL 8301664 (6th Cir. Dec. 18, 2019). In affirming the decision, the Sixth Circuit stated that "the district court has discretion to determine whether the action is dismissed with or without prejudice." *Ojose*, 2019 WL 8301664 at *2. While defendants seek to dismiss this case with prejudice, they have not established that Parker acted in bad faith when he omitted the CD. Accordingly, Parker's case, which must be dismissed, should be dismissed without prejudice.

---

[1] Parker indicates that the undersigned had knowledge of his assets from other cases. *See* Parker's Response (ECF No. 46, PageID.283-284). Due to the recusal of the trial judge, the undersigned entered post-trial orders in *Parker v. Gainer*. In denying defendant's motion for remittitur or a new trial, the Court noted that the jury awarded Parker $2.00 in nominal damages and $90,000.00 in punitive damages (*see Gainer*, ECF No. 238). In another order, the Court granted Parker attorney fees in the amount of $89,996.02 (of which Parker was required to pay $22,500.50) and costs in the amount of $5,387.11 (*see Gainer*, ECF No. 239). While defendant's appeal was pending, Parker withdrew his motion to enforce the judgment because "he has negotiated a resolution to satisfy the judgment in this matter" (*see Gainer*, ECF No. 243). The terms of the August 10, 2022 settlement agreement were not filed in that case. Furthermore, the issue here is not what the undersigned may have gleaned from other case files. The issue is Parker's decision to omit an asset in his application for *in forma pauperis* status.

## II.     Recommendation

For these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 40) be **GRANTED** and that this case be **DISMISSED without prejudice**.

Dated:  June 21,2024                               /s/ Ray Kent
                                                                      RAY KENT
                                                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).