UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE PARKER,

    Plaintiff,

v.

UNKNOWN MAUS, et al.,

    Defendants.
_____/

Case No. 1:23-cv-442

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that several Defendants Corrections Officers (collectively, "Defendants"), violated their First and Fourteenth Amendment rights by discriminating against Plaintiff based on race and sexual orientation; retaliating against Plaintiff for filing grievances; and failing to provide Plaintiff with their inhaler (Complaint, ECF No. 1). Defendants filed a motion to dismiss the Complaint, (ECF No. 40), arguing that Plaintiff improperly obtained *in forma pauperis* (IFP) status. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 56), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objection (ECF No. 57) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objection and issues this Opinion and Order.

In recommending that this Court dismiss Plaintiff's claims, the Magistrate Judge observed that the Court granted Plaintiff IFP status based on Plaintiff's representation dated April 27, 2023,

that their assets were limited to a friend giving them $100 every two months and $71.07 in their prison trust account (R&R, ECF No. 56 at PageID.358).  The Magistrate Judge further observed that Plaintiff's "statement of poverty was not true" because Plaintiff "omitted the fact that [they] had a substantial asset in the form of a certificate of deposit (CD) in the amount of $43,495.00," which arose from an unfiled settlement agreement in a different case that was pending in this Court (*id.*).  Thus, the Magistrate Judge determined that Plaintiff's case must be dismissed and recommended dismissal without prejudice (*id.* at PageID.359–60).

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the basis that at the time they filed the IFP application, Plaintiff assumed that they could not access the CD, and they failed to disclose the $43,495.00 by mistake (ECF No. 57 at PageID.361–63).  Plaintiff's argument does not identify—let alone demonstrate—any factual or legal error by the Magistrate Judge.  28 U.S.C. § 1915(e)(2)(A) provides that "the court shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue."  The CD balance of $43,495.00 indicates that Plaintiff has sufficient funds to pay the full amount of the filing fee, and thus, as Plaintiff does not dispute, the allegation of poverty is untrue.  Plaintiff's alleged mistake in failing to disclose the CD asset does not save the case from dismissal.  When a district court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language of 28 U.S.C. § 1915.  *See Redd v. Redmon*, 215 F.3d 1327 (Table), 2000 WL 658291, at * 1 (6th Cir. May 9, 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue").  Plaintiff's argument that they plan to use the CD assets upon their release from prison for various necessities does not absolve this Court's duty to dismiss the case given the untrue allegation of poverty.  Plaintiff's objection is therefore properly denied.

Accordingly, this Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Memorandum Opinion and Order resolves all pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Because this action was originally filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the objection (ECF No. 57) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 40) is GRANTED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 49) is DISMISSED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: August 2, 2024                    /s/ Jane M. Beckering
                                         JANE M. BECKERING
                                         United States District Judge